(69 Hun, 134.)

## McCARTEN v. FLAGLER.

(Supreme Court, General Term, Second Department.　May 8, 1893.)

1. OBSTRUCTING SIDEWALK—INJURY TO PEDESTRIANS.
　　Where a merchant allows a small box to remain on the sidewalk in front of his store until 9 o'clock in the evening, he is liable for injuries resulting from a collision by a passer-by with such box, since there is no business necessity for having the box on the sidewalk at such time. .

2. DAMAGES—EVIDENCE.
　　In an action for the value of a pair of pants, torn by a box negligently left on a sidewalk, evidence of the value of the pants when new, the time and amount of wear given, and the extent of the tear, form a basis for estimating the damage.

3. SAME—EXCESSIVE DAMAGES.
　　Where it appears that the pants cost nine dollars a month before, and had been worn but little, a judgment for six dollars is not excessive, where the tear could not be repaired.

Appeal from Dutchess county court.

Action by Henry McCarten against John B. Flagler to recover for damages sustained by plaintiff by reason of defendant's negligence. The action was commenced in justice's court, where plaintiff had judgment for six dollars. From a judgment of the county court affirming such judgment, defendant appeals. Affirmed.

The following is the opinion of Hon. Daniel W. Guernsey, County Judge:

This action was brought to recover damages from the defendant, a merchant doing business on Main street, in the city of Poughkeepsie, for placing and permitting a box of merchandise to obstruct the sidewalk in front of his store. The testimony shows that the box was brought on the street between 7 and 8 o'clock in the morning, and allowed to remain until about half past 9 o'clock in the evening, when an employe attempted to bring it in, and turned it over on the sidewalk. That box was about two feet long and one foot in depth and width. From the box a nail protruded from a half inch to two inches, as stated by different witnesses. The plaintiff, in passing the box after it was moved by the employe had his pants caught on the protruding nail, and torn so that they could not be mended. Plaintiff was walking, with two others, abreast, and stepped ahead of them to pass the box.

Pedestrians have a right to the unobstructed use of the sidewalks in cities, with exceptions justified by necessity or public convenience. Merchants may transfer goods from the street across the sidewalks to their storerooms. The time and manner of such use must be reasonable with reference to the rights of the public, and there must be also due diligence on the part of one so using the sidewalk for his own business purposes to keep the passers-by from injury.

There is nothing in the evidence to show that plaintiff did not exercise reasonable care in passing along the sidewalk by the box. The question whether the obstruction was necessary in the transaction of defendant's business, and reasonable in regard to the rights of the public, is a question of fact depending on all the circumstances of the case. The court below has found on the facts in the case against the defendant. The evidence justifies the finding. A small box was permitted to obstruct the street from early morning, and, if not on sidewalk before, was there concededly some time before, and until half past 9 P. M. It may well be said there was no business necessity for having the box on the sidewalk at such an hour of the night, and none was shown, or attempted to be shown. The defendant, for all that appears, would have escaped collision with the box had it not been for the protruding nail. This was a danger he was not called upon to expect, even though he saw the box. As to the amount of damages, it does

not seem excessive. The evidence is that the pants had been purchased a month before, and worn a little, but were new, and so torn they could not be mended. Evidence as to the cost was excluded. The maker of the pants testified he knew the value of such goods, and was asked, "How much were they worth when new?" which defendant objected to, and the trial court overruled the objection, and gave exception. The answer was, "Nine dollars." The question was proper. The value of the pants when new, the time and amount of wear given, and extent of damages caused by contact with the box, formed a good and substantial basis for arriving at the injury plaintiff had sustained, which seems to have been reasonable, and justly found.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

William C. Albro, for appellant.
Wood & Morschauser, for respondent.

PRATT, J. Judgment affirmed on opinion of county judge. All concur.

---

(69 Hun, 95.)

PEOPLE ex rel. DRAKE v. BOARD OF SEWER COMMISSIONERS.

(Supreme Court, General Term, Second Department. May 8, 1893.)

1. SEWERS—PETITION FOR—POWER TO CONSTRUCT.
Laws 1889, c. 375, as amended by Laws 1891, c. 316, specifies two methods in which authority may be obtained by a board of village commissioners to construct sewers,—one, by special election, to determine whether sewers shall be constructed according to a general system proposed by the board; and the other as contained in section 8, which provides that whenever a petition for the construction of a sewer, to be paid for by the land specially benefited, is presented, signed by the owners of at least 500 lineal feet of land on any street through which a sewer is projected in the system, the board shall give notice of a time and place when they will hear persons interested for and against the construction of such portion of the system, and if, after hearing, the board shall determine to construct such portion, it shall proceed to enter into contracts therefor. Held, that the board cannot, on being asked to construct a sewer in a certain street, go beyond the prayer of the petition, and extend the sewer into other streets.

2. SAME—PAYMENT OF EXPENSES.
Section 10 declaring that the board, in order to provide funds for the expenses authorized by the act, and the construction of such system, may issue certificates of indebtedness, applies only to the construction of the general system, and not to a sewer constructed under section 8, and which, according thereto, must be assessed to the property benefited.

Application by John Sterling Drake for certiorari to the board of sewer commissioners of the village of Port Richmond to review certain proceedings. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

George Tiffany, for relator.
John Croak, for respondents.

DYKMAN, J. This is a certiorari to the board of sewer commissioners of the village of Port Richmond, on Staten Island, to review their action in relation to the construction of certain sewers in that village. Boards of sewer commissioners in the incorporated